IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| CYNTHIA CLARK, | ) | CASE NO. 1:18 CV 1728 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |

## Introduction

Before me[1] is an action by Cynthia Clark under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for supplemental security income.[2] Because substantial evidence supports the ALJ's no disability finding, the ALJ's decision is affirmed.

## Issues Presented

This case presents the following issues for decision:

- The ALJ erred in failing to consider Clark's "well-established carpal tunnel syndrome ("CTS") as 'severe.'"[3]

- The ALJ erred in concluding that Clark retained the residual functional capacity ("RFC") to perform work that exists in significant numbers in the national economy by failing to properly consider the opinions of treating rheumatologist

---

[1] ECF No. 21. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 15 at 10-11.

Dr. Edens and examining source Dr. Bradford, as well as by failing to properly consider Clark's "well-supported upper extremity limitations."[4]

## Analysis

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[5]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the

---

[4] *Id.* at 11-12.
[5] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).

2

Commissioner survives "a directed verdict" and wins.[6] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[7]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**A.     Step Two challenge**

Clark maintains the ALJ erred in not finding her CTS a severe impairment at Step Two of the sequential, five-step disability analysis. But the ALJ discussed Clark's hand symptoms and CTS throughout the remainder of the steps in the analysis,[8] and as such, any error is harmless.[9]

**B.     Step Four/Step Five challenge**

The ALJ found Clark had the RFC to perform light work as defined in the regulations, with additional limitations.[10] In pertinent part, she frequently can use bilateral hand controls, handle bilaterally, and push and pull with her upper extremities.[11] Clark claims the ALJ erred in the weight assigned to the opinions of Drs. Bradford and Edens.[12]

---

[6] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[7] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[8] ECF No. 9, Transcript ("Tr.") at 22-25.
[9] *See, e.g., Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009).
[10] Tr. at 21.
[11] *Id.*
[12] ECF No. 15 at 11-17.

3

*1.    Dr. Bradford*

Consulting examiner Dr. Bradford found Clark had abnormal grasp on the right and left.[13] She noted that Clark was "unable to open doors on some days."[14] All range of motion testing was normal.[15] Dr. Bradford's exam findings included hand clasps 4/5, tenderness at the base of both thumbs, full range of motion at all hand joints, full range of motion for both lower extremities, and normal stability, strength, and muscle tone for both lower extremities.[16] Dr. Bradford commented that Clark was "unable to perform maneuvers for CTS."[17] In a medical source statement, Dr. Bradford opined:

> Claimant alleges pain in her hands worse in the thumb and base of the thumb. Pain is achy and throbbing and worse at night but now it's all the time. *She has trouble turning doorknobs but hand use is otherwise normal*. On exam today she does appear to be in pain from her hands. She hold [*sic*] her hand up in front of her at all times and especially avoids using the left one. There were no clinical signs of RA. There was tenderness at the base of both thumbs. She was unable to perform Phalen and Tinel and no response was elicited when the median nerves were tapped.
>
> In my medical opinion I do believe she has hand pain not RA. Her pain seems more neuropathic. She should be restricted from using her hands until a diagnosis is confirmed and treatment instituted.[18]

---

[13] Tr. at 240.
[14] *Id.* at 241.
[15] *Id.* at 241-43.
[16] *Id.* at 252.
[17] *Id.*
[18] *Id.* at 253 (emphasis added).

4

The ALJ assigned Dr. Bradford's opinion partial weight.[19] The ALJ explained the weight assignment as follows:

> Dr. Bradford's comment that the claimant should not use her hands until a diagnosis was confirmed is not consistent with the physical examination. An x-ray of the left hand was negative and Dr. Bradford questioned the diagnosis of rheumatoid arthritis. Therefore, it seems that Dr. Bradford relied more heavily on the claimant's subjective complaints. Nevertheless, the evidence confirms the claimant does have difficulty using her hands as she alleges and that she was primarily treated for hand complaints.[20]

Clark maintains that the ALJ failed to provide "good reasons" for the weight assigned to Dr. Bradford's opinion.[21] But as the Commissioner correctly points out,[22] only *treating* sources are entitled to the "good reasons" requirement.[23] Because Dr. Bradford served as a consulting examiner, the ALJ must weigh her opinion based on the examining relationship with Clark, specialization, consistency, and supportability, unless the treating-source opinion receives controlling weight.[24] The ALJ may consider other factors "which tend to support or contradict" such opinions.[25] While Clark may disagree with the ALJ's assessment, the ALJ's analysis and articulation satisfies the requirements of the regulations and *Gayheart v. Commissioner of Social Security*. Furthermore, the state agency reviewing physicians reviewed Dr. Bradford's opinion on initial review and on reconsideration; they

---

[19] *Id.* at 24.
[20] *Id.*
[21] ECF No. 15 at 15.
[22] ECF No. 18 at 14.
[23] 20 C.F.R. § 404.1527(c); *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010).
[24] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).
[25] *Id.*

assigned the opinion no weight as it was "vague and unspecific."²⁶ The ALJ did not err in analyzing Dr. Bradford's opinion.

## 2. Dr. Edens

In September 2017, Clark's treating rheumatologist, Dr. Edens, offered the following opinions regarding Clark's limitations:

- Clark could lift and carry 10 pounds occasionally and 10 pounds frequently;
- Clark could sit, stand, and walk for less than two hours in an eight-hour work day;
- Clark could occasionally reach, handle, finger, and feel; and
- Clark could push/pull less than occasionally.²⁷

Dr. Edens identified Clark's knee and back arthritis, hand pain, and decreased hand strength on examination as the basis for these restrictions.²⁸ The ALJ analyzed and weighed Dr. Edens's opinion as follows:

> On September 20, 2017, Cuoghi Edens, M.D. completed a Physical Residual Functional Capacity that limited the claimant to lifting and carrying 10 pounds occasionally and frequently. She could stand, walk, and sit for less than two hours in an eight-hour workday. The claimant needed to change positions every ten minutes. She could stand for 15 minutes before changing positions and that she needed to shift positions at will. She could occasionally reach, handle, finger, and feel. She could push and pull less than occasionally. She would be absent from work less than once a month (Ex. 12F, pp. 7, 8). The undersigned gives this assessment little weight because the claimant was treated conservatively with medications, a TENS unit and physical therapy. The claimant

---

²⁶ Tr. at 73, 85-86.
²⁷ *Id.* at 492-93.
²⁸ *Id.* at 493.

was primarily treated for symptoms with her hands. Dr. Edens' treatment notes end on June 6, 2016, and she recommended Tylenol, physical therapy, and a knee brace (Ex. 11 F, p. 7). Only a recent EMG dated April 4, 2017, was further received in evidence. The EMG indicated an impression of a moderately abnormal study with evidence consistent with a mild to moderate right median neuropathy across the wrist in the right upper extremity. There was no evidence for cervical radiculopathy, brachial plexopathy, or entrapment neuropathy (Ex. 12F, p. 5).[29]

The ALJ also noted that Clark obtained a hand brace following the EMG testing.[30] Overall, the ALJ concluded that Clark did have some limitations on the use of her hands, just not to the extent alleged.[31]

While a review of Dr. Edens's treatment notes show support for the September 2017 opinion, the ALJ articulated good reasons for the weight assigned to Dr. Edens's opinion. Regarding the hand limitations, the ALJ noted Clark's conservative treatment with medications and the mild to moderate EMG findings.[32] Regarding the additional limitations opined by Dr. Edens, the ALJ again noted Clark's conservative treatment and the fact that Dr. Edens primarily treated Clark for symptoms with her hands.[33] Again, while Clark may disagree with the ALJ's assessment, the ALJ's analysis and articulation satisfies the requirements of the regulations and *Gayheart*.

---

[29] *Id.* at 24-25.
[30] *Id.* at 25.
[31] *Id.*
[32] *Id.* at 24-25.
[33] *Id.*

7

Furthermore, even if there was error in the weight assigned to Dr. Edens's opinion with respect to Clark's hand limitations, any error is harmless based on the vocational expert's ("VE") testimony that a significant number of jobs in the national economy that Clark could perform existed even if she was restricted to only occasional use of hand controls bilaterally and occasional handling bilaterally.[34] Given the VE's testimony, any remand on this ground would be futile.[35]

## Conclusion

Substantial evidence supports the ALJ's no disability finding. The ALJ's decision is, therefore, affirmed.

IT IS SO ORDERED.

Dated: August 6, 2019          s/ William H. Baughman, Jr.
                               United States Magistrate Judge

---

[34] *Id.* at 58.
[35] *N.L.R.B. v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969) ("To remand would be an idle and useless formality. *Chenery* does not require that we convert judicial review of agency action into a ping-pong game. . . There is not the slightest uncertainty as to the outcome of a proceeding before the Board . . . It would be meaningless to remand."); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) (citing and quoting *Wyman-Gordon Co.*, 394 U.S. at 766 n.6)).